**IN THE COURT OF APPEALS OF IOWA**

No. 14-0760
Filed February 11, 2015

IN THE MATTER OF C.I.T.,
Alleged to be Seriously
Mentally Impaired,

C.I.T.,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Nancy A. Baumgartner, Judge.

C.I.T. appeals the district court ruling he is seriously mentally impaired and in need of an involuntary committal. **AFFIRMED.**

Sandra R. Hart, North Liberty, for appellant.

Thomas J. Miller, Attorney General, Gretchen Witte Kraemer, Assistant Attorney General, Janet M. Lyness, County Attorney, and Kristin L. Parks, Assistant County Attorney, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

C.I.T.[1] appeals the district court ruling he is seriously mentally impaired and in need of an involuntary committal. We review challenges to the sufficiency of the evidence in involuntary commitment proceedings for errors at law. *In re J.P.*, 574 N.W.2d 340, 342 (Iowa 1998). The allegations made in an application for an involuntary committal must be proven by clear and convincing evidence. *Id.* Clear and convincing evidence is less burdensome than evidence establishing proof beyond a reasonable doubt, but more burdensome than a preponderance of the evidence. *Id.* "It means that there must be no serious or substantial doubt about the correctness of a particular conclusion drawn from the evidence." *Id.* (citation and internal quotation marks omitted).

C.I.T. claims the State has not shown by clear and convincing evidence he is "seriously mentally impaired."

> 'Seriously mentally impaired' or 'serious mental impairment' describes the condition of a person with mental illness and because of that illness lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment, and who because of that illness meets any of the following criteria:
> a. Is likely to physically injure the person's self or others if allowed to remain at liberty without treatment.
> b. Is likely to inflict serious emotional injury on members of the person's family or others who lack reasonable opportunity to avoid contact with the person with mental illness if the person with mental illness is allowed to remain at liberty without treatment.
> c. Is unable to satisfy the person's needs for nourishment, clothing, essential medical care, or

---

[1] C.I.T. has been serving two consecutive life sentences for murder in the first degree since 2002. In September of 2012, he was transferred to the mental health unit due to behavioral problems.

shelter so that it is likely that the person will suffer physical injury, physical debilitation, or death.

Iowa Code § 229.1(17)(a)–(c) (2013). The definition of serious mental impairment has three elements. *J.P.*, 574 N.W.2d at 343. C.I.T. must be found (1) to have a mental illness, consequently (2) to lack "sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment" and (3) to be likely, if allowed to remain at liberty, to inflict physical injury on the person's self or others, to inflict serious emotional injury on a designated class of persons, or be unable to satisfy the person's physical needs. *Id.* Our supreme court has also noted the endangerment element "requires a predictive judgment, based on prior manifestations but nevertheless ultimately grounded on future rather than past danger." *In re Mohr*, 383 N.W.2d 539, 542. (Iowa 1986). The danger the person poses to himself or others must be evidenced by a "recent overt act, attempt or threat." *Id.*

On appeal, C.I.T. claims there is not clear and convincing evidence he is "seriously mentally impaired" because (1) he does not lack the judgment to make responsible treatment decisions, and (2) he is not a danger to himself or others. We disagree. C.I.T. testified he does not believe he has a mental illness and does not need the medications prescribed for him. He has requested the drug Dexedrine, which he previously received in his youth. His treating physician testified Dexedrine would only worsen his current condition. The record shows when C.I.T. is not medicated he has increased levels of dysfunction and behavioral issues. Additionally, C.I.T. by his own actions has proved he is still a danger to others. A month before his appeal hearing, C.I.T. stood up and

pushed a table at a staff member during a review of his placement, treatment, and programming. He admitted this behavior was not appropriate, but stated sitting down "hasn't worked."

We conclude the State has established by clear and convincing evidence C.I.T. is seriously mentally impaired and in need of involuntary committal. Accordingly, we affirm the district court order.

**AFFIRMED.**